UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS EDUARDO PAZOS TOLEDANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-027 |
| | § | |
| PAMELA JO BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**<u>ORDER</u>**

Petitioner Luis Eduardo Pazos Toledano is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.  The Court then ordered Petitioner to file a statement "explaining why [*Buenrostro*] does not result in denial of his Petition." (Order, Doc. 8)

In his responsive Statement (Doc. 9), Petitioner contends that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond.[1] (Statement, Doc. 9)  He also references the recent decision in *Maldonado Bautista v. Santacruz*, — F.Supp.3d —, No. 5:25-

---

[1] Petitioner also references the Suspension Clause in his Petition and statement to the Court. (Petition, Doc. 1, ¶ 13 (referencing the clause as a jurisdictional basis for his lawsuit; Statement, Doc. 9)  But he does not explain how Respondents' conduct violates the Suspension Clause, and the Court is considering his claims in habeas.  The Court concludes that to the extent that Petitioner alleges a cause of action under the Suspension Clause, he does not present a viable claim.

CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), noting that his lawsuit "implicates the continued enforceability of the *Maldonado* class judgment[.]" (Supp., Doc. 10, 2)

For the following reasons, the Court concludes that Petitioner's remaining claims lack merit.

## I.

Petitioner argues that his continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates his Fifth Amendment due process rights. (Statement, Doc. 9).

Other courts have considered and rejected substantively-similar arguments. *See Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2] For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention without a bond hearing does not violate his due process rights under the Fifth Amendment.

---

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

**II.**

Petitioner characterizes the *Maldonado* ruling on February 18, 2026, and the related judgment, as "binding and subject to enforcement." (Supplement, Doc. 10)  The Court, however, disagrees that the decisions in that matter provide a basis for relief to Petitioner in this Court.

First, the district court in *Maldonado* limited the reach of its judgment: "The Court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district." *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *30 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  To the extent that Petitioner argues that the February 2026 decision extended the reach of the relief that the case affords, he does not explain such an argument.  And the Court finds, as other district courts have concluded, that the decision represents persuasive authority rather than binding precedent. *See e.g., Rodriguez Mendoza, et al., v. Raycraft, et al.*, No. 4:25CV2183, 2026 WL 507389, at *7 (N.D. Ohio Feb. 24, 2026).

**III.**

Accordingly, it is:

**ORDERED** that Petitioner Luis Eduardo Pazos Toledano's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 7, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge

3 / 3